EASTERN DIST.
*May*, 1837.

JACOBS *vs.* HIS CREDITORS.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF NEW-
ORLEANS.

Where it is shown the debtor was in business and good credit, after he gave
a mortgage to secure a creditor, but made a surrender of his property
about four months afterwards: *Held*, that the mortgage was valid, even
as to other creditors.

This is an opposition by H. M. Hart & Co., to the tableau
of distribution filed by the syndic of the creditors of Samuel
Jacobs.

It appears Jacobs was indebted to the opponents for
merchandize, and on the 28th February, 1834, gave them a
mortgage on certain property, to secure payment, which was
recorded the 1st March; on the 1st July, following, Jacobs
made a cession of his property for the benefit of his creditors,
and a syndic was appointed. On filing his tableau, the
syndic put down Hart & Co. as ordinary creditors. They
claimed to have a preference over other creditors, in virtue of
their mortgage, and prayed to have the tableau amended in
this respect.

The parish judge sustained the opposition; the syndic
appealed.

*Schmidt*, for the appellant.

*L. Janin*, for the opposing creditors.

*Carleton, J.*, delivered the opinion of the court.

The syndic in this case, having filed a tableau of distribu-
tion, and placed H. M. Hart & Co. thereon as ordinary
creditors, they opposed the homologation, on the ground that
their claim was secured by act of mortgage, which they ex-
hibited, and prayed to be paid by preference, out of the
proceeds of sale, of the property mortgaged. The court

EASTERN DIST. sustained their claim, and accordingly ordered them to be put
May, 1837. upon the tableau as mortgaged creditors.

The syndic appealed from the judgment of the court, and his counsel insists :

*First,* That Hart & Co., at the time of taking the mortgage, knew that the insolvent was in failing circumstances.

*Secondly,* That there was no consideration given for the mortgage.

Where it is shown the debtor was in business and good credit, after he gave a mortgage to secure a creditor, but made a surrender of his property about four months afterwards : *Held,* that the mortgage was valid, even as to other creditors.

We think with the judge of the Parish Court, that neither of these positions are tenable. It is in proof, that the insolvent was in business and good credit, subsequent to the execution and recording of the mortgage, and that the transactions between himself and Hart & Co., were originally based upon the sale and delivery of merchandize. The slight difference existing between the price of the goods and the sum for which the mortgage was given, so much insisted on in argument, does not appear to us to afford any just suspicion of fraud.

We think the judgment of the court below ought to be affirmed.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be affirmed, with costs.